IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ERIC DAY,**

    **Plaintiff,**

v.                                             Case No. 3:23-cv-00506

**US MARSHAL SERVICE; WESTERN
REGIONAL JAIL; WEST VIRGINIA
REGIONAL JAIL AUTHORITY;
WEXFORD MEDICAL; TAYLOR DEAN;
SARAH JONES; REGINA BRYANT;
and NANCY FRIDLEY,**

    **Defendants.**

**MEMORANDUM OPINION and ORDER**

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 4). Having considered the Application, the Court **GRANTS** same. The Court notes that Plaintiff has insufficient funds in his inmate account to pay an initial partial filing fee. Therefore, Plaintiff is **ORDERED** to make monthly payments beginning on **September 5, 2023** equal to 20 percent of the preceding month's income credited to his prisoner account until the full filing fee of $350.00 has been paid. These payments shall be due by the fifth day of each month thereafter. The Western Regional Jail and Correctional Facility ("WRJ"), or any other agency or facility having custody of Plaintiff, shall forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's inmate account exceeds $10, until the full filing fee is paid. *See* 28 U.S.C. 1915(b). It is **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all

1

unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to the Plaintiff.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges that he has a leg wound that is not being adequately treated at the WRJ, where he is being detained by the United States Marshals Service ("USMS"). He alleges that the WRJ and the USMS have been deliberately indifferent to his medical needs. (ECF No. 1 at 5). Plaintiff includes no specific allegations against the individuals named as defendants, except to say that some of them have tried to help him. The Statement of Claim ends in mid-sentence. Plaintiff seeks injunctive relief and compensatory damages. (*Id.*). As currently written, Plaintiff's complaint fails to state a claim that can withstand initial review as the complaint lacks sufficient detail to determine if a valid claim exists.

The Eighth Amendment to the United States Constitution requires prison officials

to provide inmates with basic medical care. *Estelle v. Gamble,* 429 U.S. 97, 103, (1976). A prison official violates this constitutional guarantee when he responds to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. at 104; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). To state a cognizable Eighth Amendment claim, an inmate must meet two prongs, one objective and one subjective. First, the inmate must demonstrate the existence of a medical condition or need that is ***objectively serious***. *Estelle,* 429 U.S. at 104. Second, the inmate must show that the official ***subjectively knew of, but disregarded***, "an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837. A prison official is not liable under the Eighth Amendment if a reasonable response is made, "even if the harm ultimately [is] not averted." *Odom v. South Carolina DOC,* 349 F.3d 765, 770 (4th Cir. 2003) (*citing Farmer,* 511 U.S. at 844). To establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). Accordingly, Plaintiff must set forth facts in his complaint that meet the standard of an Eighth Amendment violation. A mere difference of opinion about whether medical care is needed is usually insufficient to maintain a valid cause of action. Therefore, when and if Plaintiff amends his complaint to assert an Eighth Amendment claim, he should bear these standards in mind.

In addition to the legal principles set forth above, Plaintiff's claim is governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). The PLRA requires inmates to exhaust administrative remedies prior to filing a complaint in federal court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see, also, Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.") (citations and internal quotation marks omitted)). Exhaustion is usually achieved by completing all of the requisite steps of the correctional facility's grievance or administrative remedy procedure.

In light of the governing standards and principles, Plaintiff must amend his complaint in order for the undersigned to complete a preliminary review of the merits. Without such an amendment, Plaintiff's complaint will be subject to dismissal. Therefore, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** and cure the following deficiencies in pleading as indicated below:

1. Plaintiff must set forth a factual basis upon which the Court can conclude that the defendants were deliberately indifferent to a serious medical need. Accordingly, Plaintiff must include *factual* allegations setting forth the nature of his serious medical need, when he sought treatment for the medical need, and describing how **each** individual defendant was made aware of the need, but deliberately ignored it.

2. Plaintiff must provide more detail about the injuries he claims to have suffered as a result of the alleged lack of care.

3. Plaintiff must identify the "Huntington Medical Center" to which he refers in his complaint as no such facility exists.

**Plaintiff is hereby given notice** that a failure to amend the amended complaint

4

as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiff is hereby notified of his obligation as a *pro se* plaintiff to timely advise the Clerk of Court of any changes in his address.**

The Clerk is directed to mail a copy of this Order to Plaintiff.

**ENTERED:** August 10, 2023

Cheryl A. Eifert
United States Magistrate Judge