IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ERIC DAY,**

    **Plaintiff,**

v.                                                 **Case No. 3:23-cv-00506**

**U.S. MARSHALS SERVICE, et al.,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Plaintiff's *pro se* complaint for a civil case. (ECF No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, without prejudice, and this action be removed from the docket of the court.

**I.**    **Relevant History**

On July 28, 2023, Plaintiff filed the instant complaint alleging that he was not receiving appropriate medical care while incarcerated as a federal pretrial detainee in the Western Regional Jail and Correctional Facility. (ECF No. 1). On July 31, 2023, the undersigned entered an Order advising Plaintiff that he would need to pay the filing fee of $402, or submit a completed Application to Proceed Without Prepayment of Fees and Costs. Plaintiff submitted an Application, which was approved on August 10, 2023. (ECF

Nos. 4, 5). On that same day, the undersigned entered an Order advising Plaintiff that the initial screening of his complaint had revealed certain deficiencies, which needed to be corrected in order for the civil action to proceed. (ECF No. 5). In particular, Plaintiff had named various individuals as defendants, but had failed to include any factual allegations against them showing how they allegedly violated his civil or constitutional rights. Plaintiff was instructed to set forth the nature of his serious medical need, identify when he sought treatment for the need, and describe how each named defendant was made aware of the need but deliberately ignored it. (*Id*. at 4). Furthermore, he was ordered to provide more detail about the injuries he claimed to have suffered as a result of the lack of care. Finally, he was asked to identify one of the defendants, because the entity he named did not exist. (*Id*.). Plaintiff was give forty-five days to amend his complaint and was given notice that a failure to make the necessary amendments might result in a recommendation that his complaint be dismissed for failure to state a claim and/or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41 and Local Rule of Civil Procedure 41.1. (*Id*. at 4-5). Plaintiff was also notified of his obligation as a pro se plaintiff to timely advise the Clerk of Court of any changes in his address. (*Id*. at 5). The docket reflects that Plaintiff received this Order.

More than four months have passed without Plaintiff amending the complaint or responding to the Court's Order. According to the West Virginia Division of Corrections' inmate locator, which provides the locations of all individuals incarcerated in their adult jails, Plaintiff is no longer housed at the Western Regional Jail and Correctional Facility. *See* https://apps.wv.gov/OIS/OffenderSearch/RJA/Offender. Plaintiff has not provided the Clerk of Court with an updated address, nor has he communicated with the Court.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the

---

[1] Fed. R .Civ .P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed. R. Civ. P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors, in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Plaintiff received the Order stating that he must file an amended complaint; yet, he failed to abide by that directive. Moreover, since initiating the case in July 2023, Plaintiff has made no effort to check on the status of this case or contact the Court regarding the Order that he received. The undersigned **FINDS** that these failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the Court's docket for over four months and, since the initial paperwork, there has been no action by, nor communication from Plaintiff. Thus, the undersigned **FINDS** that Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time. Furthermore, Plaintiff is no longer incarcerated at the facility about which he complained. Considering that Plaintiff disregarded a court order, left the facility, and failed to provide a change of address to the Clerk, the Court can only presume that Plaintiff is no longer interested in pursuing his claim. As he likewise has failed to notify the Court of his lack of interest in the lawsuit, the undersigned **FINDS** that a sanction less severe than dismissal plainly will not be effective

in this case. *See Ballard,* 882 F.2d at 95-96. Given the fact that Plaintiff has declined to file an amended complaint, the court is left with only two options: dismiss the case, or allow it to sit on the docket dormant. The latter option is patently unfair to the defendants.

While dismissal is the preferable course, the undersigned acknowledges that the reason for Plaintiff's failure to prosecute his claim is unknown, and the statute of limitations has not expired on his claims. Therefore, the undersigned **FINDS** that dismissal be without prejudice to account for the unlikely possibility that Plaintiff's dilatoriness is excusable and there is good cause and a basis to either reopen or reinstitute the claim.

### III. Proposal and Recommendation

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, and this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute

a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

**DATED**:  December 21, 2023

Cheryl A. Eifert
United States Magistrate Judge